UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SHERRY FAVATA,

       Plaintiff,

- against -

NATALIE GENCO and PV HOLDING CORP.,

       Defendants.
------------------------------------x

ANSWER

08 CIV. 5259 (WCC)

  Defendants, by their attorneys, Reardon & Sclafani, P.C., as and for their answer to the plaintiff's complaint, allege, upon information and belief, as follows:

  FIRST:  Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered "1", "2", "3", "5" and "6".

  SECOND:  Denies each and every allegation contained in paragraph(s) numbered "7", "8" and "9".

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

  THIRD:  That plaintiff(s) action as against defendant PV Holding Corp. is pre-empted and barred pursuant to sub-chapter I of Chapter 301 of Title 49, United States Code §30106.

<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>

  FOURTH:  The plaintiff(s) complaint fails to state a cause of action as against the answering defendant(s) upon which relief can be granted.

<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>

  FIFTH:  That if the plaintiff(s) sustained any injury or damages, said injuries or damages were caused or contributed to by

2

the negligence, culpable conduct, assumption of risk or fault of the plaintiff(s) and were not caused or contributed to by the negligence, fault or want of care on the part of the answering defendant(s), or were caused by persons or parties for whose acts or omissions or the result of an emergency for which this answering defendant(s) is not responsible or liable.

<u>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</u>

SIXTH: That the plaintiff(s) vehicle was equipped with seat belts; that the plaintiff(s) failed to wear or properly fasten seat belts at the time of the occurrence; that some or all of plaintiff(s) injuries would not have been incurred or would have been incurred to a lesser extent or degree had seat belts been worn or worn properly, and that the failure to wear or properly fasten seat belts was the proximate cause of all or some of the injuries claimed by the plaintiff(s).

<u>AS AND FOR A FIFTH AFFIRMATIVE DEFENSE</u>

SEVENTH: That this action is barred as to plaintiff(s) by Article 51, Section 5102(d) of the Insurance Law of the State of New York.

<u>AS AND FOR A SIXTH AFFIRMATIVE DEFENSE</u>

EIGHTH: Plaintiff(s) recovery, if any, is subject to and limited by CPLR 4545.

3

<u>AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE</u>

NINTH: That the Court lacks jurisdiction over the answering defendant(s) upon the ground of insufficiency of service of process.

WHEREFORE, defendant(s) demand judgment dismissing the complaint of the plaintiff(s) herein, together with the costs, disbursements and attorneys' fees of this action.

Dated: Tarrytown, New York
       June 9, 2008

                                    Yours, etc.

                                    REARDON & SCLAFANI, P.C.
                                    Attorneys for Defendants
                                    OFFICE & P.O. ADDRESS
                                    220 White Plains Road, Suite 235
                                    Tarrytown, New York   10591
                                    (914) 366-0201

                               By: _____
                                    MICHAEL V. SCLAFANI  (MS 9120)

TO: Gary Waldman, Esq.
    Attorney for Plaintiff
    504 Broadway, P.O. Box 1493
    Monticello, New York   12701

## CERTIFICATE OF SERVICE

    The undersigned attorney hereby certifies that on June 9, 2008, he caused to be served a true and correct copy of the within ANSWER by depositing the same in the United States mail, first-class, postage pre-paid, addressed to:

TO:  Gary Waldman, Esq.
      Attorney for Plaintiff
      504 Broadway, P.O. Box 1493
      Monticello, New York  12701

                              MICHAEL V. SCLAFANI (MS 9120)